936 F.2d 568
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Carole WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zachary WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zachary WILLIAMS, Defendant-Appellant.
 Nos. 90-5826, 90-5827 an 90-5838.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1991.
Decided July 8, 1991.
As Amended Aug. 13, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior District Judge. (CR-88-227)
 Brian Joseph Murphy, Baltimore, Md. (Argued), for Appellants; John S. Denholm, Jr., Baltimore, Md. on brief.
 James Richard Alsup, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Andrea L. Smith, Assistant United States Attorney, John Vincent Geise, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kevin Williams and Zachary Williams were each convicted on one count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of heroin and cocaine in violation of 21 U.S.C. Sec. 846. Zachary Williams was additionally found guilty on four counts of using a telephone in the commission of a felony in violation of 21 U.S.C. Sec. 843(b). Kevin Williams was convicted on two such telephone counts. Both defendants now appeal their convictions and their sentences. The government cross-appeals the district court's downward departure from the career offender provisions in sentencing Zachary Williams. We affirm defendants' convictions but remand for resentencing on the telephone counts. We also vacate Zachary Williams' sentence on the drug count and remand to the district court for resentencing.
 
 I.
 
 2
 Appellants' arrests resulted from a Baltimore City Police investigation of Leroy James. In the course of that investigation, police obtained authorization to place a wiretap on the telephones at East Coast Tire and Auto, a business connected with James' enterprises. As a result of information they thus received, investigators later obtained a court order allowing them to record conversations on the telephone lines at Auto Express, Inc., another business associated with James' drug deals.
 
 
 3
 On the basis of evidence consisting largely of conversations recorded from the Auto Express telephone and of testimony from co-conspirators, Kevin Williams and Zachary Williams were convicted following a jury trial in the United States District Court for the District of Maryland. Although the presentence report recommended that Zachary Williams be sentenced under the United States Sentencing Guidelines as a career offender, the court believed that Williams' criminal history was overstated and that his sentence would have been disproportionately severe compared to his co-conspirators if he had been sentenced as a career offender. The court thus departed downward under the Guidelines and sentenced Zachary Williams to 168 months imprisonment as if he had a Category IV criminal history rather than one of Category VI under the career offender provisions.
 
 II.
 
 4
 Both defendants argue that the court should have suppressed all information obtained by wiretap. They maintain that the initial wiretap of the East Coast Tire and Auto phones was unlawful because the supporting affidavit failed to establish probable cause that drug related conversations would be overheard. Because most of the information used to justify the wiretaps of the Auto Express Inc. phones was obtained from the allegedly invalid eavesdropping on the East Coast Tire lines, appellants assert that all conversations recorded on the Auto Express lines should have been inadmissible as the "fruit of the poisonous tree." See Wong Sun v. United States, 371 U.S. 471 (1963). Appellants also maintain that the district court erred in sentencing them. They assert that the court failed to make specific findings of fact as to the amount of drugs involved, that the court applied an incorrect standard of responsibility for co-conspirators' actions, and that the court sentenced them above the statutory maximum on the telephone counts.
 
 
 5
 The government cross-appeals from the court's decision to depart downward in sentencing Zachary Williams. The government argues that the court has no authority under Sec. 4B1 of the United States Sentencing Guidelines (the career offender provisions) to depart downward on the basis of either an allegedly overstated criminal history or a desire to avoid disproportionality and that, in any event, no disproportionality would have arisen because none of the other defendants were career offenders.
 
 
 6
 We believe that the affidavit supporting the wiretap of East Coast Tire and Auto was sufficient to establish probable cause and that the recorded conversations were properly introduced into evidence. Our review of the record also reveals that the court based appellants' sentences on a finding that the conspiracy involved more than five kilograms of heroin and cocaine and a finding that both defendants could have reasonably foreseen the extent of the conspiracy. We affirm the convictions and the court's determination of the amount of drugs involved.
 
 
 7
 With respect to defendants' sentences on the telephone counts, the transcript of the sentencing hearing indicates that the court intended to impose only terms of supervised release and not actual prison terms. Appellants correctly observe, however, that their final judgments impose concurrent jail sentences of 168 months (Zachary) and 97 months (Kevin) for those violations. Because such sentences would be greater than those allowable by statute, see 21 U.S.C. Sec. 843(c), we must remand for clarification and correction.
 
 
 8
 In addition, we must vacate Zachary Williams' sentence on the drug count. Departures from the Guidelines are reserved only for the rare case and are given only when certain conditions have been met. First, the sentencing court must determine that a mitigating circumstance was either not adequately taken into consideration by the Sentencing Commission, or was identified as a ground of departure; second, the court must identify the factual circumstances supporting a departure in the particular case, and the evidence must be "of sufficient importance and magnitude to justify a departure." United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). Here, Zachary Williams has a record which includes the use of a handgun in the commission of a crime of violence, two convictions for assault with intent to commit murder, and a drug violation considered a felony under the Guidelines. While there may be rare cases in which a departure from the career offender provisions is justified, this is not one of them. We therefore remand the case with directions to the district court to impose the Guidelines sentence.
 
 III.
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.